Filed 10/4/13  P. v. Cobb CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063554 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245582) |
| JOSHUA LEE COBB, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Charles R. Khoury Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

As part of a plea agreement, Joshua Lee Cob entered a guilty plea to one count of possession of a controlled substance while in the county jail (Pen. Code,[1] § 4573.6).  The remaining count was dismissed and the court struck the alleged prison priors.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

Prior to the sentencing hearing, Cobb made a motion under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), at which Cobb complained about the plea agreement and raised the possibility of withdrawing his guilty plea. The court conducted an in camera hearing on the motion. The motion to relieve counsel was denied. The defense did not file a motion to withdraw the guilty plea.

The court granted Cobb probation on various terms and conditions. The court imposed a custody sentence of 270 days, but authorized Cobb's release into a residential treatment program as soon as space became available.

Cobb filed a timely notice of appeal and the trial court granted a certificate of probable cause (§ 1237.5).

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) asking this court to independently review the record for arguable issues for reversal on appeal. Although counsel has not specifically pointed to a "possible," but "not arguable issue," counsel has set out the details of the proceedings such that we discern the possible, but not arguable, issue present in this record is whether the trial court properly denied Cobb's *Marsden* motion. We have carefully reviewed the entire record and we are satisfied no arguable issue for reversal on appeal exists in this record.

We offered Cobb the opportunity to file his own brief on appeal but he has not responded.

## STATEMENT OF FACTS

The summary of facts is taken from the probation officer's report.

2

"On 12/11/2012, while walking by a cell at San Diego Central Jail, a Sheriff's Deputy noticed an inmate had signs of being under the influence of a controlled substance. The deputy escorted the inmate and his cellmate, the defendant, to another holding cell and performed a strip search of both. During the search, the deputy found a syringe and a small plastic baggie that contained a brown tar-like substance inside the waistband of the defendant's jail issued pants. The substance subsequently tested positive to be .04 grams of heroin.

"The defendant admitted the pants were his, but denied the drugs and paraphernalia belonged to him. He provided no further statement.

"The other inmate denied being under the influence of drugs. He stated he had been up for a few days and was going through withdrawal symptoms of heroin, but insisted he used the drug while he was on the streets."

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, we can discern from the brief one possible but arguable issue. That issue relates to the trial court's denial of the *Marsden* motion.

At that motion, Cobb complained about the plea agreement because he thought he would get a "program," that there would be a dismissal of the case following probation and that he had a goal of re-enlisting in the military. He said trial counsel had told him these things.

The court heard from counsel who denied telling Cobb he would get a dismissal of the case at any particular point. Counsel did advise Cobb he would seek Cobb's release

3

into a program after sentencing and that he had told Cobb he did not think Cobb's significant criminal history would allow him to successfully enlist in the military.

The court found no basis to relieve counsel and told Cobb if he wished to withdraw his plea he would have to make an appropriate motion. As we have noted, Cobb did not move to withdraw his guilty plea. He was sentenced in accordance with the plea agreement and was ordered released into a program as soon as possible. We find nothing in the record of the guilty plea, or the *Marsden* hearing that would lead to any arguable basis for reversal on appeal.

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not found any reasonably arguable appellate issues. Competent counsel has represented Cobb on appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

4